## PRICE *et al. v.* THE COUNTY OF SACRAMENTO.

Counties are *quasi* corporations, and can sue and be sued.

The right to sue a county is not limited to cases of tort, malfeasance, etc., but is given in every case of account, after presentation to, and rejection by, the board of supervisors.

An action of assumpsit is the proper remedy on an account against a county, which has been rejected by the supervisors.

A mandamus could only compel the board to act, but could not direct their action; and the rejection of the account is an action upon it, which is all a mandamus could require, where the compensation claimed in the account is not fixed by law.

APPEAL from the District Court of the Sixth Judicial District.

This was an action on a contract between the plaintiffs, Drs. Price and Proctor, and the County of Sacramento, for the care of, and medical attendance on the indigent sick of the county. The complaint sets forth the contract executed on the part of the county by a commissioner appointed by the supervisors, in which the compensation is fixed, and alleges full performance by the plaintiffs of all its terms and conditions, on their part to be kept and performed, and presentation of their demand to the board of supervisors, and its rejection by them. The answer denies a performance by plaintiffs, and raises other issues.

On motion of defendants, the Court granted a non-suit, on the ground that the plaintiffs had mistaken their remedy, and should have proceeded by mandamus. Plaintiffs appealed.

*Smith & Hardy* for Appellants.

Counties are corporations as far as to be capable of suing and being sued. Hampshire *v.* Franklin, 16 Mass., 87; Crawford County *v.* Wilson, 2 English, 214; State *v.* Davis County, Iowa, 2 Greene, 469; Commissioners *v.* Wilson, Ind., 1 Carter, 55.

But a reference to the pleadings will show that the board of supervisors had already done all that a mandamus could compel them to do,

until the validity of the contract, and the plaintiff's compliance with its requirements had been judicially determined.

Before the judicial ascertainment of our rights, all that a mandamus could have done for us would have been to enforce action, but the Court could not have directed them how to act. Commonwealth *v.* Judges Common Pleas, 3 Binn., 273 ; Roberts *v.* Holsworth, 5 Halst., 57 ; Ex Parte Farrington, 2 Cowen, 407 ; Board of Police *v.* Grant, 9 S. & M., 77 *et. seq.*; The People *v.* The Supervisors of Westchester, 12 Barb. Sup. Ct., 446 ; Lamar *v.* Marshall, 21 Alabama, 772.

We had no right to a mandamus, and could not have procured one had we applied, for there was a plain, speedy and adequate remedy, and in such cases a mandamus will not be allowed. James *v.* The Commissioners of Bucks Co., 13 Penn. S. R., (Harris) 72 ; Reading *v.* The Commonwealth, 11 Penn. S. R., (1 Jones) 196 ; Goolsby's Case, 2 Grattan, (Virg.) 575 ; The People *v.* Judges Branch Circuit, 1 Doug., 319 ; The State *v.* Judges of Moore, 2 Judell, 430 ; The State *v.* Judges, etc., Dudley Geo. Rep., 37 ; Goings *v.* Mills, 1 Pike, 11 ; Ex Parte Jones, 1 Alabama, 15.

It surely does not lie in the mouth of respondent to dictate to us our form of remedy, as if a certain state of facts existed, and then deny the existence of the facts. The object of our suit was to make judicial certain facts which the respondent denied. Without that judicial certainty, we have no right to the mandamus. Board of Police *v.* Grant, 9 S. & M., 77, *et seq.*; Swann *v.* Work, 24 Miss., 432 ; Commissioners of Land Office *v.* Smith, 5 Texas, 471 ; The State *v.* Washington Co., Chandler, Wisconsin, 247.

*Harmon, Sunderland & Stanley,* for Respondents.

There being a special fund appropriated for the hospital, by law, the Court cannot give a general money judgment against the county in this action. And the amount due being fixed by the contract, a writ of mandamus is the proper remedy.

Mr. Chief Justice MURRAY delivered the opinion of the Court. Mr. Justice TERRY concurred.

The Court below non-suited the plaintiffs on the ground that they had mistaken their remedy, and should have proceeded by mandamus, instead of bringing an action of assumpsit against the county.

In arriving at this conclusion, the Court has resorted to a species of argumentation doubtless conclusive to itself, but perfectly unintelligible to us, as it defies all rules of logical analysis.

Counties are *quasi* corporations, and the power to sue and to be sued is given in general terms by "an Act prescribing the manner of commencing and maintaining suits by or against counties, passed May 11, 1854."

By the 24th section of an Act creating a board of supervisors for the various counties of the State, it is provided that, "no person shall sue a county in any case, or for any demand, unless he or she shall first

present his or her claim or demand, to the board of supervisors, and if they fail or refuse to allow the same, or some part thereof, the party feeling aggrieved may sue the county."

It would be impossible to employ language more apt in giving the remedy, and providing how the right shall be enforced, than that used in the section of the statute referred to. The Court below relies on the decision of the Superior Court of New York, in the case of Brady *v.* The Supervisors of New York, 2 Sandford's Reports. There is no analogy between the two cases; first, the laws of New York and those of California are different on this subject; and second, because the Court in that case considered the supervisors as a judicial body, from whose decision upon the auditing of an account no appeal lies; while it has been repeatedly held by us that supervisors are neither judicial nor *quasi* judicial officers.

The right to sue is not limited to cases of torts, malfeasance, etc., but is given in every case of account; even if the statute was less comprehensive, it may well be doubted whether a mandamus would lie in such a case. The writ of mandamus lies to compel any inferior board or tribunal to proceed and act, where such action is a legal duty, but not to direct such action.

The compensation claimed not having been fixed by statute, (which would be a positive legal obligation upon the supervisors to fulfill by auditing the same,) the only office of a mandamus in such a case would be to compel the supervisors to pass upon the account, which they have already done by rejecting it, on the ground of its illegality, and thereby a cause of action has accrued to the plaintiffs which they may legally prosecute.

The remainder of the opinion of the Court is entirely gratuitous, and calculated to prejudice the case of the plaintiffs.

Judgment reversed with costs.