[No. 280. Decided January 18, 1892.]

N. J. Cattell and John Scott, *Respondents*, v. Emily Fergusson, *Appellant*.

MECHANIC'S LIEN—HUSBAND AND WIFE—AGENCY—NON-SUIT.

In an action against a married woman to foreclose a mechanic's lien for a building erected on her land, under a contract with her husband, the plaintiff should be non-suited where it is not shown the wife had any knowledge of the contract, and the only proof tending to show the husband's agency was the fact that husband and wife had executed a mortgage upon certain lands, including the tract in controversy, which recited, among other things, that they thereby bound themselves to make improvements on said lands, and that the husband had told plaintiffs they were borrowing the money for the purpose of putting up the building.

In such action, where the husband testifies that plaintiffs did not stand in the relation of ordinary contractors, but had obliged his wife by becoming bondsmen for her in the completion of the building, such testimony, being taken in connection with that previously introduced relating to the improvements mentioned in the mortgage, is sufficient to establish a *prima facie* agency.

Where a motion for non-suit in an equity case is erroneously refused, there is no ground for reversal where the error is subsequently cured by the admission of proper testimony sufficient to make a *prima facie* case.

*Appeal from Superior Court, King County.*

The facts in this case are stated in the opinion.

*Cole, Blaine & De Vries,* for appellant.

*Wiley, Hale & Scott,* for respondents.

Scott, J.—This action was brought to foreclose a mechanic's lien. The respondents entered into a written contract with one John C. Fergusson to erect a building upon certain real estate which the pleadings admit belonged to the appellant. Said John C. Fergusson and the appellant

were husband and wife, and the respondents claim that he was also her agent, and acting for her in the premises. The appellant claims there was no proof of such agency. The evidence shows that the contract was entered into September 21, 1889. Prior thereto, on the 12th of said month, the appellant and her said husband obtained a loan of $1,350 from the Charles F. Emery Real Estate Company, and they executed to said company a mortgage upon certain lands, including the real estate in question, which mortgage was given as security for such loan, and also to secure the performance of a contract entered into between the parties to said mortgage, in which contract the appellant and her husband bound themselves to make improvements on said lands to cost not less than $2,500. This much appears by a reference to such contract in the mortgage, but the contract itself is not in the record. The erection of this building was evidently in contemplation when the mortgage was made, for Mr. Cattell, one of the respondents, testified that he knew of the transaction in relation to the borrowing of the money, and that John C. Fergusson told him they were getting it for the purpose of putting up this building.· Upon cross examination, this witness was shown a paper by appellant's counsel, which he admitted having seen in Mr. Fergusson's office. He was asked if it was given for the purpose of getting the loan, and answered: "No; that, as I understand it, is a bond to secure Mr. Emery against a certain amount of liens that I bound myself to see that everything was paid outside of myself, and I could not bind myself to that." He also testified to his partner's signature thereto. This instrument was then offered in evidence by the appellant. Counsel for respondents objected because they had not closed their case in chief, saying it would be proper for the appellant to introduce it after they got through. The court said: "He can introduce it now, and we can identify it." Counsel for appellant then said:

"I offer it for identification;" whereupon it was "marked by the court for identification." This instrument is not in the record, and no other or further disposition appears to have been made of it. Up to the time that the respondents rested their case there was no proof upon which the claim of agency could stand. The land against which the lien was sought to be enforced was admitted to be the separate property of the appellant. The statement of Fergusson that they were getting the money for the purpose of putting up the building cannot be held sufficient to support the agency. No act upon the part of Mrs. Fergusson, beyond the giving of the mortgage aforesaid, was proven. It was not shown that she had any knowledge of the contract, or of the work being done. There is nothing to show that she was in that vicinity, even, at or about the time, except it appears that she executed the mortgage there in person on September 12th aforesaid, and she verified her separate answer in the cause there in July following. The work had ceased some months before this time. While less proof would probably suffice to establish the agency of the husband in such matters than where the relationship of husband and wife does not exist, yet it must be something more than the proof offered here; and the defendant's motion for a non-suit, which he made at the close of the plaintiff's case, should have been granted. But the court denied it, and proof was introduced upon the part of the defendant.

The appellant was not called as a witness, but her husband was called in her behalf, and the following occurs in his testimony:

"In my office before Christmas, we (meaning himself and the respondents) met and talked over the thing, as I stated before; they came to me before Christmas, and they wanted some money; they had expended all the money that was due on the building, and I failed to see the way to give them any more; you must always bear in mind, I will ask the court to bear in mind, although I was the architect, these

people were not in the relation to me of ordinary contractors; because they had obliged Mrs. Fergusson, and they had obliged my wife by going bondsmen for her in the completion of the building, and, therefore, I always paid them up in full. And when they came and asked me for money, I said casually, I says, I will give you a bill, and by the time the bill is due your money will come due to you. That was exactly how it was, but it was to be on condition that I would not give them the cash at the time under no circumstances, but I would give them a bill, and I offered to do that, but it was not the full amount, but for two or three hundrod dollars, which would help them out."

And later on in his testimony the following appears:

"Q. So you say they did not stand in the relation of ordinary contractors? A. No, sir; they did not stand in the relation of ordinary contractors.

"Q. They had obliged your wife? A. They were bondsmen."

This testimony, taken in connection with that previously introduced, was sufficient to establish the agency *prima facie*. It is not very clear or satisfactory. The respondents asked no further questions with reference thereto, and the appellant contented herself with a motion to strike, which the court denied. Here was some proof that the appellant knew what was going on with reference to the erection of the building, and that she had participated therein; also, that it was her building and was being erected for her. Fergusson's testimony is only intelligible upon the theory that the instrument he referred to, wherein the respondents became sureties for the appellant in the erection of the building in question, was also the contract relating to the improvements mentioned in the mortgage, or, perhaps, a bond given by the appellant as additional security for its performance. That contract provided that the improvements were not to cost less than $2,500. The contract price for the construction of the building was $2,525. With *prima facie* proof of the agency, Fergus-

son's other statement became relevant wherein he said what the purpose was for which the money was being obtained.

An equity case will not be reversed because the court erroneously refused to grant a non-suit, where the error was subsequently cured, or because irrelevant testimony was admitted. The same would follow as to any question raised over the pleadings, unless the nature or course of the case was thereby diverted or changed to the prejudice of the party complaining. This court will render what appears to be a just judgment upon the whole cause. What proof there was of the agency was not contradicted. It does not appear that John C. Fergusson had any interest whatever, by lease or otherwise, in the particular lot upon which this building was erected. For some reason he joined in the mortgage which was given, but that included other lots in which he might have had an interest. The fact that he had no interest in the real estate in question was a circumstance going to show that the building was being erected for the wife. The testimony upon the part of the defense mainly went to show that the building had not been constructed in accordance with the terms of the contract. This was contradicted. We have examined the testimony carefully, and are not inclined to disturb the conclusion reached by the superior court thereon.

The judgment is affirmed.

ANDERS, C. J., and DUNBAR, HOYT and STILES, JJ., concur.