No. 1,610.

## FARR *v.* BACH.

RECORD.—*Several Paragraphs of Pleading Based on Same Written Instrument.—One Copy Sufficient.*—Where several paragraphs are based upon the same written instrument, each professing to set out a copy, one copy of such instrument in the record is sufficient.

PRINCIPAL AND SURETY.—*Surety Assuming Part of Principal's Obligation.—Release.—Contract.—Consideration.*—If a surety con‑tract to assume a part of the principal's obligation and release him therefrom, he may do so; and, in such case, the surrendering of a part of a judgment held by the principal, whereby the surety and others were enabled to raise money on their lands to discharge liens, was sufficient consideration to support the contract.

HARMLESS ERROR.—*Sustaining Demurrer to Paragraph of Answer.*—It is harmless error to sustain a demurrer to a good paragraph of answer, where the same facts are provable under another para‑graph pleaded.

BILL OF EXCEPTIONS.—*Evidence, General Statement That All Is in Record.—When Will Not Control.*—A general statement that the record contains all the evidence given in the case will not control when it affirmatively appears from the body of the bill itself that it does not embrace all the evidence given in the cause.

From the Wabash Circuit Court.

*H. C. Pettit*, for appellant.

*J. S. Slick* and *N. G. Hunter*, for appellee.

LOTZ, J.—The appellant, plaintiff below, alleged in his complaint, that the appellee and one William Farr were partners doing business in the firm name of Farr & Bach; that as such partners they executed their promis‑sory note, payable to the order of the First National Bank of Wabash, for the sum of $1,724.65, due in ninety days from the date thereof, with eight per cent. interest; that the plaintiff signed said note as the surety of said partners Farr & Bach; that Farr & Bach failed

to pay said note when it became due, and the bank in-
stituted suit thereon in the Wabash Circuit Court and
recovered a judgment thereon against Farr & Bach and
the plaintiff in the sum of $1,865.40 and costs of suit;
that the plaintiff was compelled to and did pay on said
judgment the sum of $925.77, for which amount, in-
cluding the interest thereon, he asked judgment.

The defendant answered in three paragraphs, the first
being the general denial. A demurrer for want of facts
was sustained to the second and overruled as to the
third. The plaintiff replied in three paragraphs, the
first being the general denial, the second want of con-
sideration as to a certain contract set out in the third
paragraph of answer, and a demurrer for want of facts
was sustained as to the third. The issues joined were
submitted to a jury for trial, which returned a general
verdict for the defendant. The plaintiff's motion for a
new trial was overruled and judgment rendered on the
verdict in favor of the defendant.

The errors assigned are: (1) The overruling of the
demurrer to the third paragraph of answer; (2) the
sustaining of the demurrer to the third paragraph of
reply, and (3) the overruling of the motion for a new
trial. We will consider them in the order named.

The third paragraph of answer alleges that after the
recovery of the judgment, as stated in the complaint,
the plaintiff and one Sarah Farr and one William Farr
desired to borrow $11,000 and to secure the loan by
mortgage on two hundred and twenty-five acres of land
situated in Wabash county, owned by the plaintiff,
James B., Sarah, William, Charles and Cora Farr, as
tenants in common; that the purpose of securing said
loan was to use the money to pay off judgments aggre-
gating the sum of $8,000, which had been rendered
against the plaintiff and William and Sarah Farr, which

were liens upon their respective interests in said lands; that at the same time the defendant held a judgment against the said Sarah Farr in the sum of $868.00 and costs of suit, which was a lien on the interest of Sarah Farr in said lands; that the judgment named in the complaint was also a lien on the interests of the plaintiff, Sarah, and William Farr in said lands; that owing to the existence of said judgments and the liens thereof, the plaintiff and Sarah and William Farr were unable to procure said loan unless the liens were removed; that to secure a removal of said liens the plaintiff and William Farr and Sarah Farr entered into a written agreement with the defendant in which it was agreed that if the defendant would pay off one-half of the judgment held by the bank and cancel and release fifteen per cent. of the judgment held by him against Sarah Farr, and would release all liens in judgment or otherwise held by him against the plaintiff, James B., William, Sarah, Charles and Cora Farr, on said lands, that they, said James B., Sarah and William Farr, would pay one-half of the bank's judgment and release the defendant from all further liability thereon; and that it was further agreed with the defendant that the payment so made by William and Sarah Farr and the plaintiff should be a payment by William Farr on the debts of the firm of Farr & Bach; that the defendant fully complied with said contract on his part.  It is also averred that a copy of the written agreement "is filed herewith."

The second paragraph of answer to which a demurrer was sustained is copied into the record.  This paragraph was based on the same written contract, and it is referred to therein, and it is alleged "that a copy of which is filed herewith."  Following this paragraph the written instrument is copied into the record.  This is the only

place in which it appears. The appellant earnestly insists that the third paragraph is bad for want of the original or a copy of the contract.

It is well settled that where several paragraphs are based upon the same written instrument, each professing to set out a copy, one copy is sufficient. To require more would unnecessarily encumber the record. *Maxwell* v. *Brooks*, 54 Ind. 98. The contract copied into the transcript conforms in all respects to that described in this paragraph of answer. It is sufficiently identified to make it a part of this answer. *Ohio Thresher, etc., Co.* v. *Hensel*, 9 Ind. App. 328; *Northwestern Mut. Life Ins. Co.* v. *Hazelett*, 105 Ind. 212.

The appellant further contends that the contract which is the basis of the pleading, is invalid for want of consideration; that the appellee was bound in law to pay the whole of the judgment, while the appellant was only liable thereon as a surety; that they were each bound to pay the whole debt.

It is well settled that a promise to pay a debt for which the promisor is already bound does not constitute a sufficient consideration to support a contract. *Harris* v. *Cassady*, 107 Ind. 158. But this principle has no application here. The relation of principal and surety is not identical with that of creditor and debtor. If a surety contract to assume a part of the principal's obligation and release him therefrom he may do so. Here the principal was relieved of a part of his obligation, and his surety with others assumed it, and in consideration therefor he surrendered a part of another judgment held by him and enabled the surety and others to raise money on their lands to discharge other liens. The answer is sufficient.

As to the second assignment of error questioning the sufficiency of the third paragraph of reply, it is sufficient

to say that the appellant admits this paragraph to be equivalent to a plea of want of consideration for the agreement referred to in the answer.   The second paragraph of reply being want of consideration, there is no available error in sustaining a demurrer to the third.

The last assignment brings in review the overruling of the motion for a new trial.   Many reasons for a new trial were urged.   These reasons all depend upon the evidence and on certain instructions given to the jury. The appellee makes the point that all the evidence is not in the record.   The bill of exceptions recites at the end thereof that "this was all the evidence given in the above entitled cause."   In the body of the bill is this statement: "Counsel for the defendant here introduces and reads in evidence the contract between the Farrs and David Bach, which is marked Exhibit 1."   This contract nowhere appears in the evidence, as appellant concedes.   It has been uniformly held that the general statement will not control when it affirmatively appears from the body of the bill itself that it does not embrace all the evidence given in the cause.   If the omitted evidence be much or little, the appellate court will not decide any question which depends for its proper consideration on the evidence.   *Rhea* v. *Crunk*, 12 Ind. App. 23.   True this rule does not prevail when the question presented does not depend on the entire evidence.   *American Fire Ins. Co., etc.,* v. *Sisk*, 9 Ind. App. 305.   All the material questions presented under the motion for a new trial here depend upon a consideration of all the evidence.

The judgment comes to this court with every presumption in favor of its correctness, and it is incumbent on him who assails it to present a record affirmatively

showing its infirmity.   In the absence of all the evidence, this presumption must prevail.

Judgment affirmed.

Filed September 19, 1895.