[No. 2009.   Decided March 9, 1896.]

THE STATE OF Washington, *on the relation of J. F. Van Name et al., Respondents*, v. DIRECTORS *et al., Appellants.*

#### APPEAL—RECORD—INCORPORATION OF EVIDENCE.

A statement of facts is insufficient on appeal when it refers to certain exhibits offered and received in evidence as included in the record, but such exhibits are neither attached to the statement nor found among any of the papers transmitted to the appellate court.

The failure to include in a statement of facts evidence used in another action, which it was stipulated should be treated as introduced in evidence and considered by the court in the action in which the appeal had been taken, will render the statement insufficient.

Appeal from Superior Court, Cowlitz County. — Hon. A. L. MILLER, Judge.   Affirmed.

*Rowan & White,* for appellants.

*Van Name & Fisk,* for respondents.

The opinion of the court was delivered by

GORDON, J.—It appears from the record herein that some time in April, 1888, in an action pending before a justice of the peace in Cowlitz county, judgment was rendered in favor of one W. D. Close and against School District No. 3 of said county and its directors. Thereafter a transcript of said judgment was filed in the district court for said county, and on February 10, 1893, pursuant to proceedings regularly instituted for that purpose by the plaintiff therein, an order was made by the superior court reviving such judgment. Subsequently thereto the judgment was assigned to the relators, Van Name and Fisk, who caused a certified transcript thereof to be presented to the appel-

lants herein, viz., the directors and clerk of said district, in conformity with section 674, Code Proc. The appellants neglecting and refusing to make payment, this proceeding was instituted under section 675, Code Proc., to compel the appellants to perform that duty. Responding to an order to show cause, the appellants denied the existence of the judgment, and at or about the same time commenced an action in said court to vacate and set aside such judgment. They also asked for, and obtained, a stay of proceedings pending the trial and decision of their action to vacate the judgment. After trial upon the merits, the court rendered judgment dismissing this last mentioned action, and, resuming consideration of the proceedings for contempt, entered an order on June 4, 1895, directing that the appellants pay relators' judgment amounting to $270.80, and also the costs of the contempt proceedings, amounting to $28.00. Said order also contained provisions relating to the manner of its service and enforcement, and from the order so made this appeal is taken. A great many objections are urged by appellants to the proceedings in the original action before the justice of the peace, and to the various steps taken by relators.

A statement of facts was prepared and settled at the instance of the appellants herein, which, upon examination, we think is wholly insufficient to enable this court to enter upon a consideration of the evidence. The statement contains a reference to certain exhibits offered and received in evidence upon the trial, and continuing, says that—

"Said exhibits thus introduced are marked, and included in this record, as 'Defendant's Exhibits 'A' 'B' 'C' 'D.'"

Such exhibits are neither attached to the statement

nor found among any of the papers transmitted to this court. The statement further recites that upon the trial —

"A stipulation was then entered into by and between counsel for the respective parties, in open court, that the *evidence* and exhibits in a cause now pending in this court wherein School District No. 3, Cowlitz county, Washington, is plaintiff, and J. F. Van Name and T. P. Fisk are defendants, said cause being cause No. 940 of this court, shall be considered as introduced in evidence and considered by the court, on the part of the plaintiff herein, etc."

And while it appears that such "evidence" was used and relied upon in the lower court, it has not been preserved in any statement nor brought to this court. For these reasons we are constrained to disregard the so-called statement of facts in the determination of the present case.

The order complained of recites the various steps by which jurisdiction was acquired and retained, and appears upon its face to have been regularly made. It is not apparent that any reversible error has been committed, and the order appealed from will be affirmed.

HOYT, C. J., and SCOTT, ANDERS and DUNBAR, JJ., concur.