[No. 3365.   Decided November 7, 1900.]

JOHNSON NICKEUS, *Appellant,* v. LEWIS COUNTY, *Respondent.*

APPEAL—AGREED STATEMENT OF FACTS—OMISSIONS FROM RECORD.

The fact that a statement of facts does not include certain exhibits and depositions introduced in evidence, which omission is apparent on the face of the record, is not ground for striking the statement, when it appears from the judge's certificate that the facts included are "such thereof as the parties have agreed to be all that are material."

COUNTIES—RECORDS—PAROL EVIDENCE OF PROCEEDINGS.

Although Bal. Code, § 356, requires all the proceedings of a board of county commissioners to be recorded in a book kept for that purpose, yet proceedings which are not so recorded may be proved *aliunde* the record, in the absence of any statute making such record the only evidence of the board's proceedings.

SAME—DISALLOWANCE OF CLAIM—ACTION AGAINST COUNTY.

The action of a board of county commissioners in asserting that they would not allow a bill which had been presented to them, and that they would not put anything on record allowing or rejecting the bill constitutes such a rejection thereof as would warrant the claimant in commencing an action to enforce its collection, under the terms of Bal. Code, § 359, which provides for action against the county within three months after any claim may have been presented and disallowed in whole or in part by the board of county commissioners.

Appeal from Superior Court, Lewis County.—Hon. HENRY S. ELLIOTT, Judge. Reversed.

*Johnson Nickeus* and *Reynolds & Stewart,* for appellant.

*Forney & Ponder* and *M. A. Langhorne,* for respondent.

The opinion of the court was delivered by

ANDERS, J.—This action was brought to recover a balance due for services alleged to have been rendered by plaintiff, as the attorney of the defendant, upon its retainer and request, between the 1st day of May, 1895, and the 1st day of June, 1898. The complaint alleges, in substance, among other things, that the services rendered and moneys paid out and expended by plaintiff in and about defending a certain suit pending against the defendant, and other business of the defendant, were reasonably worth the sum of $2,500, no part of which has been paid except the sum of $200; that the claim was presented to the board of county commissioners of said county, and payment thereof demanded, on June 16, 1898, and that thereafter the said board of commissioners disallowed and rejected said claim. The defendant avers in its answer that it was never indebted to the plaintiff for services rendered and moneys expended, or otherwise, in the sum of $2,500, or in any sum; denies that the amount of said services and expenditures was of the value of $2,500, or of any greater value than the sum of $200; denies that the board of commissioners of defendant county disallowed or rejected the claim of plaintiff for $2,500 sued for at any time prior to the commencement of this action. It is, in effect, alleged in the answer, as a defense to plaintiff's alleged cause of action, that on or about May 1, 1895, the said board of county commissioners employed the plaintiff, for the sum of $200, to assist the prosecuting attorney of Lewis county in defending a certain suit then pending between the Northern Pacific

Railway Company and the said Lewis county; that plaintiff .performed said services in pursuance of said employment, and thereafter presented his claim for said sum to said board, and that said sum was duly allowed and paid to plaintiff by the defendant; that prior to May 19, 1898, plaintiff presented his claim to the board of county commissioners for the same services and expenditures sued for in this action for the sum of $1,500, and on said day said board rejected and disallowed the whole of said claim except the sum of $600; and that this suit was not brought within three months after such claim was acted on by said board, and that plaintiff's alleged cause of action did not accrue within three months before this action was commenced. These affirmative matters set up in the answer are denied by the reply. After the close of the plaintiff's case, the defendant moved for a nonsuit on the grounds: (1) That no employment had been proven; and (2) that it appeared that the board of county commissioners had not rejected, in whole or in part, the plaintiff's claim, prior to the bringing of this action. The motion was sustained, and the cause dismissed, and the plaintiff thereupon appealed to this court.

The respondent moves to strike the statement of facts from the record for the alleged reason that it shows on its face that it does not contain all the material evidence adduced at the trial, and especially plaintiff's Exhibit A, and certain depositions which were read to the jury. Both the character and contents of the exhibit are affirmatively shown by the testimony of the county auditor, but the matter contained in the depositions does not appear in the statement. It is the general rule, as stated in the brief of the learned counsel for the respondent, that "the fact that the statement is certified by the judge as containing all the evidence, cannot control when it appears on its face that exhibits or depositions have been offered which do

not appear." *State ex rel. Van Name v. Directors,* 14 Wash. 222 (44 Pac. 270) ; Elliott, Appellate Procedure, § 824; *Farr v. Bach,* 13 Ind. App. 125 (41 N. E. 393). And if it were true that the certificate attached to the statement of facts in question contained nothing more than the ordinary recital that the statement contains all the material facts, etc., not already a part of the record, we would feel constrained to grant the respondent's motion. But the certificate of the trial judge recites that the foregoing statement of facts "contains all the material facts, matters, and proceedings heretofore occurring in the cause, and not already a part of the record, and such thereof as the parties have agreed to be all that are material." It thus appears that this is virtually an agreed statement of facts, and the motion must therefore be denied.

Our statute provides generally that the several counties in this state may, as bodies corporate, sue and be sued in the manner prescribed by law; and § 359 of Ballinger's Code provides that:

"     *     *     *     *     Nothing herein contained shall be so construed as to prevent a party having a claim against any county in this state from enforcing the collection thereof by civil action in any court of competent jurisdiction, after the same may have been presented and disallowed in whole or in part by the board of county commissioners of the proper county; provided, that such action be brought within three months after such claim has been acted upon by such board."

It is conceded that this action was instituted under this statute, and it is insisted by the respondent that the appellant failed to prove at the trial that the board rejected his claim, in whole or in part, prior to the commencement of this action. And it is stated in the brief of the respondent that the judgment of non-suit was entered be-

cause of the failure of the appellant to prove that fact. It appears from the record, and it is not disputed, that appellant presented his claim to the county commissioners of the respondent county on June 16, 1898, and that three months thereafter, and on September 16, 1898, this action was commenced to enforce the collection thereof. Between these two dates the board was several times in session, but there is no evidence in the records of its proceedings that any action was taken upon appellant's claim until October 17, 1898, at which time the board formally rejected the claim, and caused a record thereof to be made. The appellant contends, in effect, that his action was not prematurely brought, for the reasons: (1) That the failure of the board to act upon his claim within a reasonable time after its presentation entitled him to consider the demand rejected, and to bring an action against the county for the amount thereof; and (2) that the board in fact rejected his claim prior to the time of the commencement of this suit, but neglected and refused to cause such rejection to be recorded. Counsel for appellant have cited a number of cases in support of appellant's first contention, but none of the decisions referred to are based on statutes similar to our own, except those of the supreme court of California, and they cannot justly be regarded as fully supporting the position maintained by the appellant. See *Price v. Sacramento County,* 6 Cal. 254; *McCann v. Sierra County,* 7 Cal. 121; *People ex. rel. Hunt v. Supervisors,* 28 Cal. 430. In *Eureka Sandstone Co. v. Pierce County,* 8 Wash. 236 (35 Pac. 1081), this court, speaking with reference to the statute above quoted, said:

"Under the statute law of this state, a county can only be sued upon a contract liability after the rejection in whole or in part by the board of county commissioners of a claim against the county growing out of such liability."

And therefore the controlling question in this case is whether the appellant's claim was, as he contends, actually rejected by the county commissioners before this action was instituted against the county. Our statute provides that the board of county commissioners shall cause all their proceedings to be recorded in a book kept for that purpose. Bal. Code, § 356. The record of the board, as we have seen, shows that appellant's claim was rejected on October 17, 1898, which was subsequent to the commencement of the action, and counsel for the respondent strenuously insist that this record conclusively proves that the claim in question was not disallowed prior to the bringing of suit, and that the motion for a non-suit was, therefore, properly sustained. In support of their contention that the records of public bodies kept in pursuance of law cannot be contradicted by parol evidence, counsel for respondent cite the case of *Mayhew v. District of Gay Head,* 13 Allen, 129, and Dillon, Municipal Corporations (4th ed.) § 299, both of which authorities are in point, and may be said to announce the more general rule, although it seems that the judicial decisions are not harmonious on the question whether such records may or may not be impeached collaterally by extrinsic evidence. See Lewis, Eminent Domain, § 605, and cases cited. Judge Dillon, in the section of his work cited by the respondent, says:

"Parol evidence in a collateral action cannot be received to contradict the records of a public corporation, required by statute to be kept in writing, or to show a mistake in the matters as therein recorded."

But in the succeeding section (300) the learned author observes:

"But a distinction has sometimes been drawn between evidence to contradict facts stated on the record and evidence to show facts omitted to be stated upon the record. Parol evidence of the latter kind is receivable unless the

law expressly and imperatively requires all matters to appear of record, and makes the record the only evidence."

Now, we have no statute in this state, so far as we are advised, which makes the records of the board of county commissioners "the only evidence" of their proceedings, and we therefore think that the appellant had a right to show that the board of commissioners, as a matter of fact, rejected his claim prior to September 16, 1898, and refused to cause a record of such rejection to be made at the time. It is shown by the testimony of the attorney of the appellant that he urged the board to act upon this claim at their regular session in July, and that they then declined to do so, for the alleged reason that they desired to consult the county attorney; and that in August he again requested them either to allow or reject the claim; that the county attorney was then present, and advised the board to act on it, and that they all said, "We will not allow the bill," and that they would not put anything on record allowing or rejecting the bill. From this testimony, which was uncontradicted, it would seem that the appellant was fully justified in concluding that his claim had been rejected, and that he was at liberty, under the law, to commence an action in the superior court to enforce the collection thereof at any time within three months after the commissioners had acted upon it. The refusal of the board to record their disallowance of the claim in August was due to no fault on the part of the appellant, and upon no principle of justice can his rights be prejudiced thereby. As to the records of municipalities, it is well said in a note to § 300 of Dillon's Municipal Corporations that:

"The rights of creditors or of third persons cannot be prejudiced by the neglect of the council to keep proper minutes. Against the corporation, what the council in

fact did may be shown by evidence *aliunde* the record kept by it,"—

Citing *Bigelow v. Perth Amboy,* 25 N. J. Law, 297, and *San Antonio v. Lewis,* 9 Tex. 69. And the same principle is manifestly applicable to the proceedings of county com- missioners. See *Gillett v. Lyon County,* 18 Kan. 410; *White v. Polk County,* 17 Iowa, 413. We think that the evidence of what the board in fact did was properly ad- mitted in this case, regardless of the records in evidence, and the same should have been submitted to the jury. The judgment is reversed, and the cause remanded to the court below, with directions to deny the motion for non-suit.

DUNBAR, C. J., and REAVIS, J., concur.

FULLERTON, J., concurs in the result.