[No. 5142.    Decided August 3, 1904.]

PATRICK KANE *et al., Appellants,* v. ELIZABETH KANE, *Respondent.*[1]

VENUE—DIVORCE—STIPULATION FOR TRIAL IN ANOTHER COUNTY—LEGISLATIVE CHANGE OF DISTRICT.    A stipulation between the parties to a divorce suit to try the case in another county of the same judicial district, the same judge presiding, amounts to a change of venue, and such judge does not lose jurisdiction to try the case in such county pursuant to the stipulation, by a subsequent legislative change putting that county in a separate district and appointing another presiding judge for the county in which the suit was originally commenced.

SAME—CONSENT TO CHANGE.    A recital in a statement of facts that defendants to a cross-complaint had stipulated that the action might be tried in another county, sufficiently shows their consent to the change of venue, although the written stipulation therefor was originally made between the other parties and before said cross-defendants had been made parties.

DIVORCE—JURISDICTION—RESIDENCE OF PLAINTIFF WITHIN STATE FOR ONE YEAR—CONSOLIDATION OF ACTIONS.    Where the husband and wife commenced independent actions for a divorce, and it was stipulated that the two actions should be tried as one, the action should not be dismissed for want of jurisdiction because the wife's suit was commenced before she had been a resident of the state for one year, when the husband was duly qualified by residence to bring his action, and the wife had resided in the state one year before filing a cross-complaint in that suit, and the trial was had upon the issues raised by the pleadings in the husband's suit, the wife's action being in effect abandoned.

TRIAL—MOTION FOR NONSUIT IN EQUITY—WAIVER.    Appellants' challenge to the sufficiency of respondent's testimony and motion to dismiss an action for divorce are waived by proceeding to introduce evidence in their own behalf, instead of standing upon the challenge and motion.

TRIAL—REOPENING CASE—DISCRETION.    It is not an abuse of discretion to allow appellant to reopen her case after a challenge to the sufficiency of her evidence was made, where the additional evidence consisted of a formal introduction of pleadings in the case.

[1]Reported in 77 Pac. 842.

APPEAL — STATEMENT OF FACTS — CERTIFICATE — ALL THE EVIDENCE. In an equity case triable *de novo* on appeal, where it appears from the record that all of the evidence has not been sent up, it is not sufficient that the lower court certifies the statement of facts to contain all the material evidence, but the certificate must be that it contains all the facts which the parties have agreed to be material, in order to secure a review of the evidence on appeal.

DIVORCE—CANCELLATION OF FRAUDULENT CONVEYANCES—LIEN FOR AMOUNT AWARDED WIFE. Where, in an action for a divorce, a certain sum is awarded the wife as permanent alimony, and certain conveyances by the husband are canceled as a fraud upon her, it is proper to declare a lien on the property in her favor for the amount due.

COSTS—TAXATION. A cost bill should not be struck out because it was served before it was filed and before the judgment was filed, no prejudice appearing.

Appeal from a judgment of the superior court for Douglas county, Neal, J., entered October 21, 1903, upon findings in favor of the defendant, granting a divorce upon a cross-complaint, after a trial on the merits before the court without a jury. Affirmed.

*Martin & Grant,* for appellant Patrick Kane.

*H. N. Martin,* for appellant James L. Kane.

*Alfred E. Barnes, Geo. A. Latimer,* and *Alfred M. Craven,* for respondent.

HADLEY, J.—This is an action for divorce, involving also the adjustment of property interests. On or about the 1st day of October, 1901, Patrick Kane and Elizabeth Kane became husband and wife. Thereafter, on March 31, 1902, the wife filed a complaint in the superior court of Douglas county, asking for a divorce from the husband. That action not having been brought on for trial, the husband thereafter, on the 15th day of November, 1902, filed a complaint in the same court asking for divorce from

the wife. The wife then filed an answer and cross-complaint to the husband's complaint, demanding a divorce, together with alimony, attorney's fees, and a division of the property; also, that certain alleged fraudulent conveyances of the husband and his grantee should be declared void. By leave of court, the wife made Patrick J. Kane, Jr., and James L. Kane parties defendant to the cross-complaint. Said defendants are sons of the husband, and the cross-complaint alleges that they are fraudulent grantees for the purpose of defeating the rights of the wife in the property conveyed.

In the action brought by the husband, issues, as tendered by the complaint and cross-complaint, were joined by the several parties aforesaid. It was stipulated between the husband and wife that the separate actions for divorce should be consolidated and tried as one action, but the issues were really made up under the title of, and within, the case brought by the husband. The husband charged the wife with cruel treatment, and with other unbecoming conduct. The wife made like charges against the husband, and also charged that he broke into her trunk and took from her, without her consent, and appropriated to his own use, the sum of $1,800 in money, the same being her sole and separate property.

By stipulation, and for the convenience of the parties, the cause was transferred to Lincoln county for trial, where it was afterwards tried. The trial was by the court without a jury. Findings of facts and conclusions of law were made, and a decree was entered thereon, by the terms of which the wife was granted a divorce upon her cross-complaint, and was awarded $1,200 as permanent alimony, together with $250 as counsel fees. It is also provided that she shall recover from her husband the further sum of $1,800, which the court fixes as her just and equitable

portion of the property involved. The court found that the husband had taken and appropriated the $1,800, which was the wife's separate property when the two were married, and the item of $1,800 mentioned in the decree was evidently based upon the theory that the money had become commingled with the husband's property, and that a just division of the property interests required that special account should be taken of that money. This, doubtless, accounts for the statement of said sum as a separate item in the decree. The decree also provides that the wife shall have a specific lien for the total of said several amounts, and for costs, upon the undivided half of certain described real estate. It is also declared that certain specified deeds and conveyances of said real estate are null and void, as against the wife, and the same are cancelled and set aside. The conveyances referred to are three deeds, executed by said husband, Patrick Kane, to his son, Patrick J. Kane, Jr., and, also, three deeds made by the latter, and executed two days later than the others, purporting to convey the same real estate to his brother, James L. Kane. At the trial the cross-complaint was dismissed as to Patrick J. Kane, Jr., evidently on the theory, that he has no present real, or even apparent, interest in the property, since he has conveyed it to said James L. Kane. From the decree the said husband, Patrick Kane, and said James L. Kane have separately appealed.

It is assigned that the court erred in overruling the motion for a new trial, and in entering judgment, for the reason that it had jurisdiction neither of the subject matter nor of the persons of the litigants. In support of the contention on the question of jurisdiction it is argued that, at the time the stipulation was made to try the cause in Lincoln county, said county was in the same judicial district with Douglas county, and that Judge Neal, who was

the judge in Lincoln county, was also judge in Douglas county, but that, by an act of the legislature which took effect thereafter and before the trial of the cause, a new judicial district was created, whereby said counties were placed in separate districts. A new presiding judge was appointed for the district which includes Douglas county, and, at the time of the trial, Judge Neal was not the presiding judge of the superior court of that county. It is therefore urged that, since this action was brought in Douglas county, the judge of the superior court of Lincoln county, not being also the judge in Douglas county, had not jurisdiction to try it. We believe the change of districts did not affect the matter of jurisdiction. If no change had been made, Judge Neal, when trying the cause in Lincoln county, would have tried it as the superior court of that county, and not of Douglas county. The stipulation between the parties, to all intents and purposes, effected a change of venue to Lincoln county. It is, however, contended in behalf of appellant James L. Kane, that he never consented that the cause be tried in Lincoln county, the above mentioned stipulation for the transfer having been made before he was even made a party to the cross-complaint. The statement of facts proposed by appellants, and certified by the court, contains the following recital:

"This cause came on for trial on the 13th day of July, 1903, at 10 o'clock A. M., before C. H. Neal, Judge, it having been stipulated by the attorneys representing the plaintiff and defendant, as well as defendants to cross-complaint, that the same might be tried at Davenport, Lincoln county, Washington, before the above named judge."

The above statement, certified in the record, sufficiently shows the consent of appellant James L. Kane to try the case in Lincoln county.

It is further contended that the court had not jurisdiction, for the reason that, when the action brought by the wife Elizabeth Kane was commenced, she had been a resident of this state but about five or six months. It is true, jurisdiction could not have been conferred by that complaint, since she had not resided in this state one year. But it is not disputed that the husband, Patrick Kane, had been a continuous resident of this state for many years prior to the time he filed his complaint, and was then a resident of Douglas county. He was therefore competent, under the law, to institute an action for divorce. The wife, as the defendant to the husband's complaint, had the right to defend against it, even by way of cross-complaint, and the cross-complaint shown in the record was also filed after she had been a resident of this state for more than one year. While there was a stipulation in terms declaring that the two actions should be tried as one, yet the pleadings show that the action brought by the wife was, to all intents and purposes, abandoned. Jurisdiction was full and complete in the action that was tried.

It is urged that the court erred in refusing to sustain the challenge interposed by appellants to the evidence, when respondent, Elizabeth Kane, rested her case in chief, and in refusing to dismiss the case. It is not necessary that we should discuss the evidence, or pass upon its sufficiency, as it stood when the challenge and motions to dismiss were made, for the reason that appellants proceeded at once to the introduction of evidence on their own behalf, and did not stand upon their challenge and motion to dismiss. This court held, in *Scoland v. Scoland,* 4 Wash. 118, 29 Pac. 930, that, in an action for divorce, although the court may have erred in denying a motion to dismiss at the close of the plaintiff's testimony, yet the error was cured by the defendants thereafter proceeding with the case.

It was held that in equity one must stand upon his motion to dismiss, if he would reap advantage from it. It had been previously so held in *Cattell v. Fergusson*, 3 Wash. 541, 28 Pac. 750, which case was followed in the one first above cited. Under that rule appellants must be held to have waived the motion by proceeding to introduce their own evidence.

It is further insisted that error was committed in permitting respondent to reopen her case, after the challenge to the sufficiency of her evidence was made. We think the court did not abuse its discretion in reopening the case. Appellants were not prejudiced thereby. The additional evidence consisted of a formal introduction as evidence of the answers of Patrick J. Kane, Jr., and James L. Kane, to the cross-complaint, which were already in the case in the form of pleadings.

It is contended by appellants that certain of the material findings of facts, as made by the court, are not supported by the evidence. But it is urged by respondent that, under the record, this court would not, in any event, be justified in disturbing these findings, for the reason that it is apparent from the record that all the evidence is not here. The certificate of the court first recites that it contains all the evidence, whereas it is apparent that said recital is erroneous, as the depositions of four persons are shown to have been read in evidence, and much time was consumed by objections to questions therein. The record discloses only the names of the several persons whose depositions were read, the numbers of the several interrogatories challenged by objections, the objections thereto, and the rulings thereon. The deposition evidence itself does not, however, appear in the record. The action is triable *de novo* here, and this court must have all the evidence before it which was before the court below, in

order to so try it. *Enos v. Wilcox*, 3 Wash. 44, 28 Pac.
364; *Cadwell v. First Nat. Bank*, 3 Wash. 188, 28 Pac.
365; *Kirby v. Collins*, 6 Wash. 297, 32 Pac. 1060;
*State ex rel. Van Name v. Board of Directors*, 14 Wash.
222, 44 Pac. 270. It is true, the judge's certificate makes
the further recital that the statement contains all the ma-
terial evidence; but it being manifest that it does not
contain all the evidence, it becomes necessary, under
§ 5060, Bal. Code, that it shall recite that it contains all
the facts which the parties have agreed to be all that are
material. *Nickeus v. Lewis County*, 23 Wash. 125, 62 Pac.
763. The certificate is lacking in said particular. It
being manifest, therefore, that all the evidence which was
before the trial court is not before us, we cannot, in the
absence of agreement between the parties, try the case
*de novo* with a view to making new findings. We have,
however, read the evidence that is in the record, and we
may say that, standing alone, we think it justifies the
findings made by the court, both upon the divorce issue
and upon the money and property features of the case.
There is much evidence in the record that is here, but an
analytical discussion of it would require much space, and
we believe it would not serve any useful purpose, in view
of its conflicting nature. If we were required to make
findings in the case, we should be disposed, from the evi-
dence before us, to adopt the findings of the trial court,
who heard and saw all the witnesses testify. The findings
will, therefore, not be disturbed.

The conclusions of law are not inconsistent with the
findings. The provisions of the decree as to alimony,
attorney's fees, and division of the property, are not un-
reasonable under the record showing. The cancellation of
the conveyances, as having been intended by the parties

thereto to be in fraud of respondent's rights, is sustained by the findings, and the lien declared thereon properly and logically follows.

Appellant Patrick Kane complains that the court denied his motion to strike the respondent's cost bill. The point urged seems to be that the cost bill was served the day before it was filed, and before the judgment was filed, it being claimed that, for said reasons, it was not a cost bill. Said appellant directs attention to no statute or ruling of court which requires that a cost bill shall necessarily be filed before it is served, or that it cannot be served before the judgment is filed. It is admitted that the court considered the cost bill, allowing some items and disallowing others. No specific items are pointed out, and no prejudice to said appellant's rights appears. The judgment is affirmed.

MOUNT, ANDERS, and DUNBAR, JJ., concur.