[No. 3046. Decided November 29, 1898.]

S. J. ROBERTSON, *Respondent,* v. KING COUNTY, *Appellant.*

COUNTIES—CONTRACTS FOR ROAD WORK—AUTHORIZATION BY COMMISSIONERS—CLAIMS FOR WORK—ASSIGNMENT TO ROAD OVERSEER—RECORDS OF COUNTY BOARD—EVIDENCE—COMMENTS BY COURT.

Although no formal order had been made by a board of county commissioners authorizing certain road work, the road supervisor and those under him performing the work are entitled *prima facie* to recover therefor against the county, where two of the commissioners, when asked by the supervisor for

instructions, had referred him to the third commissioner, who was road commissioner for the district in which the work was done, stating that whatever the latter ordered would be affirmed by the board, such having been the loose, but universal, practice of the board, under Gen. Stat., § 1937, which provided the boards of county commissioners should divide their respective counties into suitable road districts, and each commissioner should be *ex officio* road commissioner of the several road districts in his commissioner district, and should see that all orders of the board pertaining to the roads in his district were properly performed.

Gen. Stat., § 1940, providing that no road overseer shall be interested, directly or indirectly, in any contract work to be done in the road district under his charge, would not invalidate the assignment to him, as against public policy, of claims for labor earned by those who had been employed under him, and whose rights had already accrued against the county.

The transactions of a board of county commissioners authorizing the performance of services for the county may be proved by evidence *aliunde* the record, where the board has failed to make a proper record.

A lecture by the trial judge on matters not strictly in issue will not be held as error, when it does not appear that it could possibly have prejudiced the verdict of the jury.

Appeal from Superior Court, King County.—Hon. ORANGE JACOBS, Judge.  Affirmed.

*James F. McElroy, John B. Hart,* and *Walter S. Fulton,* for appellant:

The work sought to be recovered for in this action was not performed in payment of any road or poll taxes and it was therefore necessary that it be ordered by the board of county commissioners.  That it was so ordered must appear from the allegations of the complaint and said allegations must be supported by the evidence.  *Donovan v. New York,* 33 N. Y. 291.  Any order made by county commissioners not at a lawful session fails to bind the county.  *Campbell v. Brackenridge,* 8 Blackf. 475; *Archer v. Commissioners,* 3 Blackf. 501.

A public board can only act and bind the public for

which it acts, while in lawful session as such, and informal proceedings of the board and unofficial statements of its members, made at different times and places, are not sufficient for this purpose. *McCortle v. Bates,* 29 Ohio St. 419 (23 Am. Rep. 758); *Butler v. Charlestown,* 7 Gray, 12; *Diechsel v. Town of Maine,* 51 N. W. 880; *Nason v. Poor Directors,* 17 Atl. 616; *School District v. Fuess,* 98 Pa. St. 600 (42 Am. Rep. 627); *County Commissioners v. Chitwood,* 8 Ind. 504; *Crocker v. Crane,* 21 Wend. 211 (34 Am. Dec. 228); *Martin v. Lemon,* 26 Conn. 192; *Merrick County v. Batty,* 4 N. W. 959; *Keating v. City of Kansas,* 84 Mo. 419; *Fouke v. Jackson County,* 51 N. W. 71; *Mayor v. Eschbach,* 18 Md. 276.

The assignment of these claims to the respondent, while he was still road supervisor, were void on the ground of public policy. Mechem, Public Officers, § 839, and cases cited; *Spence v. Harvey,* 83 Am. Dec. 69; *People v. Township Board,* 11 Mich. 222; *Fuller v. Dame,* 18 Pick. 472; *Robinson v. Patterson,* 39 N. W. 21.

Where county commissioners are by law required to keep a true record of their proceedings and are provided with a clerk for this purpose, they can only speak by their record, and it is error to allow parol testimony of their proceedings. *Jordan v. School District,* 38 Me. 164; *County Commissioners v. Chitwood,* 8 Ind. 504; 1 Hill's Code, § 294 (Bal. Code, § 353).

*John F. Dore,* and *Charles K. Jenner,* for respondent:

When one has been induced to perform work, or expend money, on the faith of the proceedings of a board of county commissioners, the rights of such persons will not be prejudiced by the failure to keep proper minutes; what was in fact done may be shown by evidence *aliunde* the record. *Hutchinson v. Pratt,* 11 Vt. 402; *Byer v. Newcastle,* 124 Ind. 86; *Athearn v. Millersburg,* 33 Iowa, 105; *Bigelow*

v. *Perth Amboy*, 25 N. J. Law, 297; *San Antonio v. Lewis*, 9 Tex. 69; *Bridgford v. Tuscumbia*, 16 Fed. 910; *Rock Creek Township v. Codding*, 22 Pac. 741; *Chicago, etc., R. R. v. Putnam*, 12 Pac. 593; *Gillett v. Commissioners*, 18 Kan. 410; *School District v. Union School District*, 81 Mich. 339; *Morgan v. Wilfley*, 71 Iowa, 212; *Kansas City, etc., R. R. Co. v. Tontz*, 29 Kan. 460.

In the absence of any statute prohibiting the assignment of the claims sued on, counsel must content themselves with the general law of agency. In what manner, by taking these claims at their full face value, has the road overseer placed himself in antagonism to his principal, the county of King? *Birkbeck v. Stafford*, 23 How. Pr. 236; *Brackett v. Blake*, 7 Metc. (Mass.) 335 (41 Am. Dec. 442); *State ex rel. State Bank v. Hastings*, 15 Wis. 75; *Thayer v. Kelley*, 28 Vt. 20 (65 Am. Dec. 220); *Miller v. Malony*, 3 B. Mon. 105; *Ciples v. Blair*, Rice's Ch. (S. C.) 60.

The opinion of the court was delivered by

DUNBAR, J.—The respondent, Robertson, was road supervisor for road district No. 50, in King county, and commenced this action to recover against the county on eight alleged causes of action. Six of said causes of action are on claims assigned to him while road supervisor, for work and labor alleged to have been performed under his direction as such road supervisor and by order of the board of county commissioners. The seventh cause of action is for certain road and bridge work alleged to have been performed pursuant to an order of the board of county commissioners, and the eighth is upon an alleged contract between the respondent and appellant, whereby it is alleged the county of King let to respondent the building of two hundred and seventy rods of road, at two dollars per rod, and refused to allow a completion of the

road of respondent after fifty rods of the same had been finished; thereby, it is alleged, damaging respondent in the sum of $540. The trial resulted in a verdict for respondent for $591.50, being a recovery in full upon all said causes of action except the eighth. On the eighth cause of action, under the instructions of the court, the jury returned a verdict for $100, that being two dollars per rod for the number of rods completed, so that the question of damages for the unfinished work is really not in issue in this case. Errors are alleged for the refusal of the court to grant a non-suit, for admitting parol testimony of the proceedings of the board of county commissioners, and for certain instructions given by the court and certain other instructions refused.

The contentions of the appellant are—First, that the court erred in denying defendant's motion for a non-suit, for the reason that no order of the board of county commissioners, made as a board at a lawful session of such board, had been proven authorizing the performance of the alleged work; and, second, that the assignments of these claims to S. J. Robertson, the respondent, while he was still road supervisor, were void, on the ground of public policy. The record shows that the orders for work were made rather informally by the county commissioners, the testimony being that two of the commissioners referred the road supervisor, when he asked for instructions, to the commissioner who was the road commissioner of that district, stating to him in substance that whatever Heaton, the road commissioner for that district, ordered in relation to the matter, would be respected and affirmed by the board. We think this was sufficient to make out a *prima facie* case. These matters between the road supervisors and the board of county commissioners, especially under the law which provides that one of the commissioners shall be road commissioner, are not generally very formal, and

cannot be so, by reason of the very nature of the work which is required to be done. Section 1937, 1 Hill's Code, provides that

" The boards of county commissioners of the several counties shall divide their respective counties into suitable road districts,  .  .  .  and each commissioner shall be *ex officio* road commissioner of the several road districts in his commissioner district, and shall see that all orders of the board of commissioners pertaining to the roads in his district are properly executed."

It may not be the best way for the commissioners to rely entirely upon the judgment of the commissioner who is *ex officio* road commissioner, concerning road matters in his special district, but it seems, according to the testimony in this case, that this was the universal practice of the board; and we do not think that the respondent in this case should be deprived of that which he justly earned by reason of any loose method, which the commissioners might adopt, of determining the propriety or the character of the work to be performed in certain districts. So far as the second proposition is concerned, viz., that the assignments of these claims were void on the ground of public policy, we do not think that it falls within the letter or spirit of the statute. Subdivision 1 of § 1940, 1 Hill's Code, provides that the overseers shall

" Take charge of the highways within their respective districts, and shall employ all men, teams, watering carts, and all help necessary to do the work in their respective districts; *provided,* no road overseer shall be interested, directly or indirectly, in any contract work to be done in the road district under his charge and control."

This is a very wholesome restriction, but it is evidently intended to apply to contract work which was to be done, and not to work which had already been done. In this case the work for which the county was responsible had been done, and it was simply an assignment of the charge which

had already accrued against the county which was made
to the respondent. We can see no objection to such an
assignment, either under the law or as a matter of public
policy. It is alleged that the court erred in instructing
the jury as follows:

"Hence if you are satisfied from a preponderance of the
testimony presented to you, that in that irregular manner
which has been shown to some extent here in the testimony,
that this board of county commissioners did authorize this
work to be done by men, that is a sufficient authorization
for the recovery so far as that is concerned. In the absence
of a record upon the subject of what they did, it can be
proven by testimony, as any fact is proven by anybody
that knows."

We cannot see, as asserted by the appellant, that this
instruction assumes any fact which was to be proven in
the case, and we think that it states the law. It is not the
fault of those who perform services for the county that the
county keeps no record of the authorization, and it would
be unjust to hold such persons responsible for the negli-
gence of the commissioners or their failure for any reason
to keep such record, and what was in fact done may be
shown, by evidence *aliunde* the record, to have been done
under all authority. The instructions asked for by the
appellant were properly refused. It is claimed that the
court went outside of the record, and violated the consti-
tutional provision in relation to commenting on the facts,
in some strictures that it made in its instructions upon
the county commissioners. The court seems to have in-
dulged in a little vehement lecture on matters which were
not strictly in issue, but we are unable to determine, from
a close inspection of what was said, that it could possibly
have any prejudicial effect upon the interests of the
county, or in any way prejudice the jury in favor of the
right of the respondent to recover. In this case it is clearly
shown that the services were performed, that the county

had received the benefits of such services, and that there is no meritorious defense to these claims. The judgment, then, being what it should have been under the testimony, will be affirmed.

SCOTT, C. J., and REAVIS, ANDERS and GORDON, JJ., concur.