[No. 11460. Department One. November 3, 1913.]

CHARLES PICKFORD, *Respondent*, v. WILLIAM BORLAND et al.,
*Appellants.*[1]

APPEAL—DECISIONS APPEALABLE—AMOUNT IN CONTROVERSY—INTER-
EST. The original amount in controversy determining the appeal-
ability of a judgment, includes interest, when recoverable, from the
due date to the date when the action is commenced.

APPEAL—RECORD—EXCEPTIONS. Exceptions to findings of fact and
conclusions of law, taken to each finding and conclusion separately by
number, are sufficient, without stating the basis or reasons for the
exceptions.

EVIDENCE—WRITTEN CONTRACTS—PAROL EVIDENCE—BILL OF SALE.
Where a conditional bill of sale recited the consideration and pro-
vided that the vendor was to receive a deferred payment of $430
with interest within sixty days, the vendor cannot, in the absence
of any allegation of fraud or mistake, show by parol evidence that
there were further deferred payments not mentioned in the bill of

[1]Reported in 136 Pac. 128.

sale, represented by the notes of third persons, who were the real purchasers, and that the vendee held title in trust to secure such further payments; since the writing was unambiguous and could not be varied by parol, there is in this state no vendor's lien on personal property in the absence of a contract to that effect, and the bill of sale limiting the security to $430 was a waiver of a lien for any further sum.

SALES—CONDITIONAL SALES—CONTRACT—REFORMATION—WARRANTY —ESTOPPEL. Where defendant advanced $800 of the purchase price of fixtures and a stock of goods, and as security took a conditional bill of sale, reciting a consideration of $800, with a deferred payment of $430, the vendor is not entitled to have the bill of sale reformed to show further deferred payments of $200 evidenced by notes of the parties for whom the stock was purchased, where defendant had no knowledge of such additional consideration; since the vendor is estopped by his contract and warranty from claiming a lien for more than $430, as against the defendant.

SALES—CONDITIONAL SALES—WARRANTY—INCUMBRANCES — TAXES. Where a conditional bill of sale expressly warranted against all incumbrances except the deferred payment, the vendee is entitled to an allowance for the amount paid to avoid a distraint against the property for unpaid taxes.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered May 28, 1913, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Reversed.

*C. M. Riddell*, for appellants.

*Otis Johnson* (*J. W. A. Nichols*, of counsel), for respondent.

ELLIS, J.—The plaintiff seeks, in this action, to recover a balance claimed to be due upon the purchase price of certain personal property, conveyed to the defendant William Borland by a conditional contract of sale, and to have the lien reserved in the sale contract extended to certain notes not mentioned therein, nor executed by William Borland. The conditional contract of sale, so far as material to the questions here presented, was as follows:

"This indenture, Made this 2nd day of January, 1913, by and between Chas. Pickford, party of the first part, and William Borland, party of the second part,

"Witnesseth, That the said party of the first part has this day delivered to said party of the second part, the following described personal property, to wit: [Here follows description.]

"Upon the following terms and conditions, to wit:

"Said party of the second part may use said property, and shall pay to said party of the first part therefor the sum of $800 at the date hereof, and the sum of $430 within 60 days from date hereof, and if paid within 30 days from date hereof the party of the second part shall receive a discount of 2 per cent on said sum of $430. . . . And the party of the first part agrees that upon the receipt by him of said amount of $430 and interest before default has been made in any of the foregoing conditions by the party of the second part, he will execute to them a bill of sale of said goods and chattels. But it is expressly understood and agreed by the parties hereto, that no title in any of said goods or chattels shall pass to or vest in said party of the second part until the final payment has been made as above set forth . . . Party of the first part hereby covenants and agrees to warrant the title to the goods and chattels unto the party of the second part, his heirs and assigns, that the same are free and clear of all encumbrance whatsoever, and that he has a good right to sell and convey the same."

It was executed by the plaintiff and the defendant William Borland alone. The complaint alleged, in substance, that, on or about January 3, 1913, the plaintiff sold and delivered to the defendants J. N. Sprinker and George Borland four pool tables and other equipment and furniture of a pool hall business, at an agreed price of $1,000, and a stock of tobacco, cigars and cigarettes, at an agreed price of $430, all situated in a certain storeroom in Tacoma, Washington; that these two defendants then paid $800 of the purchase price, and gave to the plaintiff their four promissory notes (copies of which were attached to, and made a part of the complaint) for $50 each, all dated January 3, 1913, and falling due respectively February 3, March 3, April 3, and May 3, 1913, each by its

terms bearing interest at the rate of 10 per cent per annum from date until paid; that the two last mentioned defendants further agreed to pay to the plaintiff, within sixty days from January 3, the sum of $430, the agreed price of the tobacco stock; that the plaintiff, as security for himself, and at the request of all of the defendants, at the same time executed to the defendant William Borland, father of the defendant George Borland, a conditional bill of sale of the property, according to the terms of which "plaintiff was to receive from the defendants within sixty days from the date thereof the sum of $430;" that this sum of $430 is due and unpaid; that two of the notes for $50 each, with the interest thereon, are due and unpaid; that the defendants Sprinker and George Borland, with intent to hinder, delay, and defraud the plaintiff, have placed the defendant William Borland in possession of the goods; that William Borland claims title thereto, and refuses to pay or to recognize the plaintiff's claims against the property; that the plaintiff claims against the property and against the defendants the aggregate sum of $630, with interest on $200 thereof from January 3, 1913. The prayer is for judgment accordingly, and that the whole amount be declared a first lien upon the property described in the conditional sale contract.

The defendants Sprinker and George Borland made no appearance, so far as the record shows. The defendant William Borland answered, denying both the sale and the delivery of the goods to Sprinker and George Borland, denying that they ever conducted the business for themselves, denying any knowledge of the four promissory notes executed by them, denying any refusal of William Borland to pay the $430 mentioned as a deferred payment in the conditional sale contract, admitting the execution of that instrument, and pleading affirmatively that he purchased the pool hall furniture and tobacco stock in his own right, and for no other person, paying thereon $800, and agreeing to pay $430 additional within sixty days, taking the conditional sale contract, which con-

ditional sale contract contained all of the terms, conditions and considerations of the sale and purchase of the property; and further alleging a tender of the $430 when due, and a refusal of the plaintiff to accept the same, and to convey the property as provided in that instrument. The record contains no reference to any reply to this affirmative matter. Its absence would warrant a reversal of the judgment, but, inasmuch as its omission may be through inadvertence, in which case it might be supplied, and inasmuch as a reversal must be had in any event, we will assume that these affirmative matters were denied.

At the trial, the defendant William Borland was granted leave to amend the answer by setting up, by way of counterclaim, the payment of taxes upon the property for the year 1912, in the sum of $41.01. While no formal amendment appears to have been made, proof of the payment of these taxes was received without objection on that ground.

Counsel for plaintiff, in his opening statement, said, in substance, that the action was to establish a trust; that the sale was made to Sprinker and the younger Borland; that William Borland loaned to them $800 to pay on the purchase price, and that, for his protection, the conditional contract of sale was made to him as vendee; that the two young men took and retained possession of the property for thirty days, when William Borland took possession; that the four notes were executed by the boys alone, but that they evidenced a part of the purchase price. Upon the complaint and this statement, counsel for the defendant William Borland moved for a dismissal of the action. The motion was denied.

The case was tried to the court without a jury. The court found, in substance, that the property was sold and delivered to Sprinker and the younger Borland for $1,000 for the furniture, and $430 for the tobacco stock; that they paid $800 in money, and gave their four notes for $50 each for the balance of the $200; that, as security to William Borland, for the sum of $800 loaned to the two young men, and at the

request of all of the defendants, the plaintiff executed to William Borland a contract of conditional sale in which the purchase price was $800, and, according to the terms of which, the plaintiff was to receive, within sixty days, $430 as the purchase price of the tobacco stock, and that the defendant William Borland agreed to deliver his title to Sprinker and George Borland upon their payment to him of the money advanced by him on the purchase; that Sprinker and the younger Borland took possession and conducted the business for thirty days, when William Borland took possession, claiming title; that Sprinker and George Borland refused to pay any of the deferred payments, but that William Borland, before trial, tendered into court the sum of $430 for the plaintiff, and demanded a bill of sale of the property, which the plaintiff has refused. Upon these findings, the court rendered a personal judgment against the defendants Sprinker and George Borland for the amount of the four $50 notes with interest, attorney's fees and costs, aggregating $318.20; adjudged this sum a lien against the property in question; and that the plaintiff was entitled to the sum of $430 paid into court as his property. The defendant William Borland appealed.

The respondent moves to dismiss this appeal on the ground that the amount in controversy is insufficient to invoke our appellate jurisdiction. The original amount in controversy, as shown by the complaint, was $630, with interest at ten per cent per annum on $200 from February 3, 1913. Even granting respondent's claim that the amount was reduced to $200 and interest by the tender into court of the $430, the amount in controversy would still exceed $200 to the extent of the interest from February 3, the date of the notes, to March 27, 1913, the date when the action was commenced. The original amount in controversy, as conferring our appellate jurisdiction, includes interest, when recoverable, computed to the commencement of the action. *Ingham v. Harper & Son,* 71 Wash. 286, 128 Pac. 675. The motion to dismiss is denied.

Respondent also moves to strike the statement of facts on the ground that no sufficient exceptions have been taken to the findings of fact and conclusions of law, in that the exceptions were taken to each finding and each conclusion separately by number, and did not state the basis or reasons for the exceptions. This court has repeatedly held such exceptions a sufficient compliance with the statute. *Young v. Borzone,* 26 Wash. 4, 66 Pac. 135, 421; *Burrows v. Kinsley,* 27 Wash. 694, 68 Pac. 332; *Prince v. Prince,* 64 Wash. 552, 117 Pac. 255; *Hallidie Co. v. Washington Brick, Lime & Mfg. Co.,* 70 Wash. 80, 126 Pac. 96. The motion to strike is denied.

We find no merit in the further claim that the appellant's brief should be stricken for failure to point out and separately discuss the errors relied upon for reversal.

On its merits, the appellant contends for a reversal on the grounds: (1) that the complaint failed to state a cause of action to establish a lien against the property in question for the $200 and interest; (2) that there was no evidence to sustain the claim that the appellant took the conditional sale contract in trust as security for the respondent so far as the $200 and interest is concerned; (3) that the court erred in refusing to allow appellant's counterclaim for the taxes paid by him for the year 1912.

I.   The complaint did not state a cause of action to establish a trust in appellant's favor for any sum in excess of $430. By the most liberal construction, it merely alleged that the conditional sale contract was executed in trust to secure $430 therein mentioned, and that the notes were taken as a personal claim against the two young men.   There was no allegation that these notes were mentioned in, or in terms secured by, the sale contract, nor was there any allegation that mention of these notes was omitted from the contract through inadvertence, mistake or fraud, or that for any other reason, the contract did not speak the intention of the parties.   In the absence of some such allegation, parol evidence was inadmissible to vary or change the terms of the contract, or to extend its

security to any other sums. The writing was not ambiguous. Even had this contract been made directly to the two young men, it would have evidenced a lien in the respondent's favor only for the sum of $430. There is, in this state, no such thing as a vendor's lien on personal property where its possession is delivered to the vendee, in the absence of some contract to that effect. But even if there were such a lien, the taking of the written contract limiting the security reserved to the amount of $430 would be a waiver of a lien for any other sum. Even granting the trust pleaded in the complaint as the purpose of the contract, it extended no further than the security mentioned. No facts were pleaded which would warrant a reformation, nor was a reformation sought. The admission in counsel's opening statement that the appellant had an interest at least to the extent of a loan of $800, to secure the payment of which he was named as vendee, entitled the appellant to a dismissal of the action upon his motion then made. On the most elementary principles, the complaint stated no facts sufficient to warrant the introduction of parol testimony to vary the terms of the written instrument. *Allen v. Farmers & Merchants Bank, ante* p. 51, 135 Pac. 621.

II. But, even assuming that the complaint had been sufficient to authorize the admission of parol evidence to enlarge the scope of the written contract, no such evidence was produced or offered. The respondent, in addition to his own testimony, introduced that of each of the defendants. The appellant testified that his son and Sprinker had been contemplating the purchase of the property, and wanted to borrow from him $800 and give him, as security, a mortgage on the property for that amount; that, when the contract by which they were to take the property was presented to him, he refused to accept the security on the terms which it would permit, and the deal on that basis was abandoned; that he then offered to buy the property and pay for it himself, on the terms as he understood them to be, namely, $800 for the business and fixtures and $430, the invoice price of the tobacco stock; that the

contract was accordingly drawn up and executed by himself
and the respondent; that he was not aware of the payment, or
agreement to pay any other sum, and knew nothing of the
giving of the notes by his son and Sprinker; that, toward the
end of the sixty days after the date of the contract, he ten-
dered to the respondent the $430, but the respondent refused
to accept the same and give him an unconditional bill of sale
as provided in the contract. The other two defendants both
testified that the appellant knew nothing of the execution of
the notes, and that, when they executed these notes, they
were advised by one of the respondent's attorneys not to men-
tion the matter to the appellant. The respondent testified
that he had been carrying on certain negotiations with
Sprinker and George Borland for the sale of the property
for $1,000 cash and $200 in notes, plus the invoice price of
the tobacco stock; that, after the papers were drawn up and
ready to sign, he then learned that the two young men were
borrowing $800 from the appellant to pay on the purchase
price; that the appellant then stated that the papers were not
satisfactory to him because he was not properly secured for
the $800, and demanded better security. The respondent ad-
mitted that he refused to give to the appellant an uncondition-
al bill of sale unless the appellant would pay to him the notes
evidencing the $200 debt and interest.

Granting to the respondent the benefit of every inference of
which this evidence is capable, it falls far short of showing any
ground for a reformation of the written contract. It shows
a sale to William Borland alone. The notes were doubtless
given by the two young men to induce the respondent to ex-
ecute the contract, but there is absolutely no evidence that the
appellant knew of that fact. The uncontradicted evidence
shows that he did not know of their existence until the re-
spondent refused to abide by the terms of the written contract.
The finding that the contract was given merely as security to
the appellant for his advancements is not supported by the
evidence, and was not, in any event, material. Clearly he took

the property under the terms of the contract, subject only to the payment of the $430. Whether he took it as security for the $800, or as his own property subject to the reserved lien for $430, can make not the slightest difference to the respondent. In either case, the respondent is estopped by his contract and warranty to claim any other lien on the property as against the appellant. *Davis v. Bartz*, 65 Wash. 395, 118 Pac. 334.

III. At the trial is was proved and, in fact, admitted without dispute that the appellant, in order to avoid a distraint against this property, paid taxes for the year 1912 in the sum of $41.01. These taxes constituted a lien upon the property when the contract was made. *Klickitat Warehouse Co. v. Klickitat County*, 42 Wash. 299, 84 Pac. 860; *Puyallup v. Lakin*, 45 Wash. 368, 88 Pac. 578; *Lewis Construction Co. v. King County*, 60 Wash. 694, 111 Pac. 892; *State v. Snohomish County*, 71 Wash. 320, 128 Pac. 667; Rem. & Bal. Code, § 9235 (P. C. 501 § 215). The contract itself contains an express warranty against all encumbrances save the deferred payment therein mentioned. The appellant was entitled to an allowance upon the $430 deferred payment in the sum of $41.01 because of this payment.

We are unable to perceive any theory upon which the judgment of the trial court can be sustained. It is reversed, and the cause is remanded with direction to enter judgment in accordance with the views herein expressed.

CROW, C. J., CHADWICK, GOSE, and MAIN, JJ., concur.