RIEDERICH v. McCOOK COUNTY et al.

(Circuit Court of Appeals, Eighth Circuit. May 16, 1916.)

No. 4545.

1. DRAINS ⬉⬏28—ESTABLISHMENT BY PUBLIC AUTHORITIES—PROCEEDINGS—
PETITION.

Under Laws S. D. 1907, c. 134, § 2, which authorizes boards of county commissioners to order the construction of drains on the filing of a petition by landowners affected, setting forth the necessity for the drainage and "a description of the proposed route by its initial and terminal points and its general course," and also provides for a subsequent inspection of the locality by the board with the aid of a surveyor, with power to make changes according to their judgment, such petitions should be regarded liberally, since they are usually prepared by men who are not experts, and a petition which fixes the initial point of a drain as on a described 40-acre tract is sufficiently specific to give the board jurisdiction.

[Ed. Note.—For other cases, see Drains, Cent. Dig. §§ 20–23; Dec. Dig. ⬉⬏28.]

2. DRAINS ⬉⬏35—ESTABLISHMENT BY PUBLIC AUTHORITIES—RECORD OF PRO-
CEEDINGS.

Further provisions of such statute are that the board shall determine the exact line and width of the ditch and file their determination with the petition; that they shall then fix a time for hearing and give public notice of the same, and that if at such hearing they shall act favorably and order the drain they shall give it a name, and "the proceedings thereafter taken shall be recorded and indexed in a book kept for that purpose in the auditor's office." *Held* that, under such special provisions, the board is not required to make a record of its decisions prior to such hearing, notwithstanding a general provision of Pol. Code S. D. § 824, that the board shall "keep a book in which all orders and decisions made by them shall be recorded."

[Ed. Note.—For other cases, see Drains, Cent. Dig. §§ 40–42; Dec. Dig. ⬉⬏35.]

3. EVIDENCE ⬉⬏333(2)—COMPETENCY—TRANSACTIONS OF COUNTY BOARD.

Where the books of record of transactions of boards of county commissioners or other similar public bodies are not by statute made the sole evidence, such transactions may be proved by papers on file, or by proof of their contents, if lost or destroyed.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1248; Dec. Dig. ⬉⬏333(2).]

Appeal from the District Court of the United States for the District of South Dakota; James D. Elliott, Judge.

Suit in equity by Joseph Riederich against McCook County, S. D., and others. Decree for defendants, and complainant appeals. Affirmed.

Edward E. Wagner, of Sioux Falls, S. D., for appellant.

A. K. Gardner, of Huron, S. D., E. H. Wilson, of Salem, S. D., and Irwin A. Churchill, of Huron, S. D., for appellees.

Before HOOK and SMITH, Circuit Judges, and REED, District Judge.

HOOK, Circuit Judge. This was a suit by a property owner to cancel special tax certificates issued by the authorities of McCook

⬉⬏For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

county, S. D., in drainage proceedings. Upon final hearing the trial court held that the proceedings were in compliance with the state statutes, that plaintiff had actual knowledge and notice of them in time to have appealed or otherwise to have asserted his objections, but allowed the improvement to go to completion at a large cost without complaint, save as to one matter which was corrected at his instance, and that his land was actually benefited by the needed improvement more than the amounts charged against him. The bill was dismissed on the merits, and the plaintiff appealed.

[1] The statutes of South Dakota provide that the board of county commissioners to which such matters are committed shall act only upon a petition of one or more owners of lands likely to be affected, setting forth the necessity for the drainage, "a description of the proposed route by its initial and terminal points and its general course," etc. Laws 1907, c. 134, § 2. It is urged that the petition for the drain in question is so defective in the description of the initial point that the board never acquired jurisdiction to go ahead. The petition specified the point as being on a certain forty-acre tract of land directly east of the land of plaintiff. The initial point or head of the drain was afterwards located by the board and the surveyor about a third of a mile westward on plaintiff's land. There is no merit in the criticism of the petition. Petitions of that kind should be regarded liberally. They are generally prepared by men without the aid of a surveyor and without personal ability to select the most practicable termini and route of a drain. The case in hand is illustrative. On the lands of plaintiff and his neighbor on the east there was a lake of varying depth covering about 80 acres which it was desired to drain. Obviously the selection of the most advantageous initial point called for knowledge and skill not commonly possessed. The statutes of the state recognize such difficulties by providing for a subsequent inspection of the locality by the board with the aid of a surveyor, and by conferring power upon the board to make changes according to their judgment in the premises, giving property owners to be affected due opportunity to be heard. In Smith v. Pence, 33 S. D. 516, 146 N. W. 709, the court upon an exhaustive consideration of precedent held a petition sufficient in which the initial point of a proposed drain was specified generally as being on the north line of a quarter section of land, a half mile in length. In the case before us the fixing by the board of the initial point of the drain on complainant's land instead of on the land adjoining on the east made a shorter drain and was in the interest of efficiency and economy. A subsequent extension of the drain further into plaintiff's land than as established by the board was in conformity with his special request.

[2] It is also urged that in the proceedings subsequent to the petition, the board of county commissioners failed to comply with certain statutory provisions of a mandatory character. But one of the instances claimed need be noticed; the others are of no greater importance. The statute provides that after personal inspection or after the receipt of the surveyor's report the board of county commissioners shall determine the exact line and width of the ditch, if not fixed in

the petition, and file their determination with the petition; that they shall then fix a time and place for the hearing of the petition and give public notices by publication and posting. Laws 1909, c. 102, § 2. As to this it is contended that the general provision of the Political Code of the state (section 824) requires the board to "keep a book in which all orders and decisions made by them shall be recorded" with an exception not material here; that the only competent evidence of the action of the board upon the matters referred to was such a record book; and finally no such book was produced at the trial, but, on the contrary, the court admitted parol and other evidence of what was done. Since there is a special provision on this subject in the drainage statutes it may be questioned whether the general provision of the Political Code applies. As already noted, the section of the drainage statute relating to the determination by the board of the exact line and width of the ditch and of the time and place of hearing the petition provides that they "shall file their determination with the petition." There is no suggestion here of the necessity of a record of such action in a book. The succeeding section of the same statute relates to the meeting of which notice has been given and to the hearing on the petition for the drain. It provides that, if the board act favorably and decide to go on with the work, they shall give the drain a name *"and the proceedings thereafter taken shall be recorded and indexed in a book kept for that purpose in the auditor's office."* Nor is there any suggestion here of the necessity of a recording of the prior decisions of the board. Indeed the implication of the special provision is to the contrary. Moreover such provisions are sometimes held to be mere statutory requirements of a clerical duty not essential to the validity of the proceedings. See Hackney v. Elliott, 23 N. D. 373, 137 N. W. 433.

[3] The course indicated was followed in the case before us. The entries in the record book commenced with those of the meeting at which the petition was heard. The state statutes do not declare that record books shall constitute the sole evidence of the action of the board of county commissioners. The determination of the line and width of a ditch prior to the hearing and the fixing of a time and place for the hearing of the petition were provisional and preliminary, and it was not contemplated that a record thereof should be relied upon as imparting constructive notice to property owners. Those matters were cared for by the notices which were required by the statute to be given. The proof of the action of the board in the instance in question was therefore properly received. Sims v. Milwaukee Land Co., 20 Idaho, 513, 119 Pac. 37; Nickeus v. Lewis County, 23 Wash. 125, 62 Pac. 763; Burrows v. Kinsley, 27 Wash. 694, 68 Pac. 332. It is common knowledge that transactions of boards of county commissioners and of other similar public bodies are frequently shown in filed papers, as distinguished from accounts or transcripts recorded in books. Where the latter is not commanded by statute and made the sole evidence, the former are admissible as proof; and when they have been lost or destroyed it is generally sufficient to show they once existed, and then their contents by the best evidence available.

In the case before us there was a record entry of the meeting at

which the petition for the drain was heard, and it showed indisputably the prior action of the board. It recited the meeting as having been "heretofore set and fixed"; that a notice was duly published in a newspaper, "which paper was designated by the board"; that the matter came on to be heard, and no person appeared to contest the petition, the surveyor's report, "and the finding of the board as to the width and route of said drainage, and which was established and fixed by said board"; that after full hearing the drainage was established along the line set forth in the petition *"and in the findings of the board prior to said hearing and on the 10th day of July, 1909, duly filed herein."* Other references appear to the prior action of the board. Moreover, testimony was received that the prior proceedings were reduced to writing, signed by the chairman of the board, attested and filed by the county auditor as ex officio clerk, and placed among the files. This was missing from the files, but an identified carbon copy of the original was received in evidence, and its contents agreed with the recitals in the record book. It would be idle to pursue this matter further.

Other objections to the validity of the proceedings are urged. Some of them are not warranted by the bill of complaint, some are not embraced in the assignments of error, and none are more meritorious than those discussed.

The decree is affirmed.

