[No. 14297.   *En Banc.*   January 12, 1918.]

TOWN OF TUKWILA *et al.*, *Appellants*, v. KING COUNTY *et al.*, *Respondents.*[1]

HIGHWAYS—CONSTRUCTION—POWERS OF OFFICERS.   It is not within the apparent scope of authority of a right-of-way agent or of a deputy prosecuting attorney to bind the county by representations as to the kind of paving to be used upon right of way to be granted the county, as their acts were subject to approval by the board of county commissioners.

SAME.   Any agreement by county commissioners that each should have support of the other as to highways in their respective road districts, is void as against public policy.

SAME.   A county commissioner has no authority to bind the county as to the kind of paving to be used on right of way secured, in view of Rem. Code, § 5879-7, making all plans and specifications for proposed roads subject to the supervision of the state highway commissioner.

SAME—PAVING MATERIAL—RATIFICATION.   The retention by county commissioners of right of way for a road that the county might have condemned, with knowledge of unauthorized representations by county officers that brick paving would be used, does not ratify the agreement and bind the county to pave with brick; since it does not manifest an intent to ratify and is not utterly inconsistent with any other course of conduct.

[1]Reported in 169 Pac. 824.

SAME—PAVING CONTRACT—DAMAGES. Where an injunction against the use of brick paving was denied because there was no valid contract therefor, damages cannot be recovered for the substitution of other paving.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered June 29, 1917, dismissing an action for an injunction, after a hearing before the court. Affirmed.

*Geo. H. Rummens, John F. Murphy,* and *R. M. Jones,* for appellants.

*Alfred H. Lundin, Edwin C. Ewing,* and *Peters & Powell,* for respondents.

HOLCOMB, J.—This action was brought by Tukwila, a municipal corporation of the fourth class, Minnie M. Lutz intervening, to restrain King county and the board of county commissioners thereof from paving a portion of a highway within the corporate limits of the town of Tukwila with any other material than first-class paving brick. From a judgment of the trial court dismissing the action, both plaintiff and the intervener have appealed.

About May 20, 1913, the board of county commissioners of King county, by resolution, decided to condemn a right of way for a portion of what is known as the Seattle-Tacoma (Pacific) highway. The part of the right of way desired was on the streets of the town of Tukwila and across the property of the intervener. The county right of way agent and M. L. Hamilton, one of the county commissioners, together with the deputy prosecuting attorney of King county, represented to the mayor and city council of Tukwila and to the intervener that the highway would be paved with first-class brick. Relying, as they contend, upon these representations and the promise that the highway would be so constructed, the town, by ordinance, granted King county a right of way on its streets, and the intervener deeded a strip of land from her lots in Tukwila to the county without compensation.

There was no stipulation in the ordinance granting the right of way, or in the deed from the intervener, as to the character of the paving to be laid, nor was any formal action in that regard taken by the county commissioners prior to the securing of this right of way. The county took possession of, and, at the time of trial, had graded, the right of way. When it developed that the board of county commissioners intended to pave this portion of the highway with concrete and not with brick, the present action was instituted.

Clearly it was not within the apparent scope of the authority of the right of way agent or the deputy prosecuting attorney to bind the county as to the character of the paving to be used. The right of way agent's duties were limited to procuring deeds for the right of way and ascertaining what compensation would be accepted by the property owners without resort to condemnation proceedings, and the deputy prosecuting attorney's duties were limited to seeing that the deeds were in proper form, and attending to other legal formalities. Their acts were all subject to approval or disapproval by the board of commissioners. The right of way agent's only authority for making such representations and promises is found in the oral instructions of Mr. Hamilton, the commissioner from the district in which the highway was to be constructed.

King county is divided into three districts, the north, central and south, there being one commissioner from each district. The central district comprises the city of Seattle, in which no highways are constructed by the county. Appellants insist that it has been the custom for the commissioners from the north and south districts to have exclusive control over the construction of the roads and highways in their respective districts, and suggest that there was an understanding by which they agreed in advance to vote in support of each other's recommendations. We do not so read the testimony. But even if it were so, the county is entitled to have each commissioner exercise his own independent judg-

ment on each matter that is presented to the board. Any agreement by which a commissioner bartered away his discretion would be void as against public policy, and no one could acquire any rights thereunder.

Counsel for appellants cite *Robertson v. King County*, 20 Wash. 259, 55 Pac. 52, and *Green v. Okanogan County*, 60 Wash. 309, 111 Pac. 226, 114 Pac. 457, but neither of these cases is in point. In the *Robertson* case, it appears that two of the commissioners stated in advance that the board would ratify whatever was done by the third commissioner; we are not inclined to extend the doctrine of that case. In the *Green* case, the contract was held void, a recovery being allowed on a *quantum meruit;* while in the present case, appellants are seeking to establish a contract and to have it specifically enforced or violation thereof enjoined. See, also, *Bier v. Clements*, 98 Wash. 310, 167 Pac. 903.

When we consider that, under Rem. Code, § 5879-7, all plans and specifications for proposed highways are subject to the supervision of the state highway commissioner, it is still more apparent that a single commissioner has no authority to bind the county on a matter in which the action of the board itself is subject to supervision.

Appellants further contend that, even if the agreement made by the right of way agent and one of the commissioners was not binding when originally made, it became binding when the board, with full knowledge of these representations and promises, accepted the deed and franchise and retained possession of the right of way granted thereby. This contention is made on the theory that, by accepting and retaining the right of way with knowledge of the promises that induced appellants to grant it, the board of county commissioners ratified the promises and thereby bound the county to construct the highway with brick paving.

Even conceding that the county commissioners have power to contract with the various property owners as to the type of pavement which shall be used on the highways across their

lands, which we are not inclined to do, still we think that the retention of the highway by the county cannot be construed as a ratification. While the general rule is well established that a principal cannot· accept the benefits of a contract made by an agent without ratifying it, it is equally well established that this rule has no application where the principal has an independent legal right to retain the benefits. 31 Cyc. 1267.

In the present case, King county had the power to condemn a right of way for the purposes of this highway across the lands of the intervener and through a municipal corporation of the fourth class, such as the town of Tukwila. Rem. Code, §§ 5879-8, 5879-18, 5879-19; *State ex rel. Floyd v. Superior Court*, 86 Wash. 410, 150 Pac. 618. Hence we find the county retaining possession of lands which it could have acquired by condemnation proceedings. We have repeatedly held that, where one, such as the county in this case, has the right to condemn property and has taken possession of it, the original owner's only remedy is to recover compensation for the land so taken and that such owner cannot interfere with the possession by injunction or other proceeding. *Kakeldy v. Columbia & Puget Sound R. Co.*, 37 Wash. 675, 80 Pac. 205; *Kincaid v. Seattle*, 74 Wash. 617, 134 Pac. 504, 135 Pac. 820; *Thorberg v. Hoquiam*, 77 Wash. 679, 138 Pac. 304; *Stewart v. Fitzsimmons*, 86 Wash. 55, 149 Pac. 659; *Domrese v. Roslyn*, 89 Wash. 106, 154 Pac. 140; *State ex rel. Twiss v. Superior Court*, 93 Wash. 429, 161 Pac. 68.

Although, in the present case, appellants do not seek to disturb the county's possession, they do seek to interfere with that possession by dictating the type of paving the county shall install. The prayer of their complaint is that the county may be restrained from installing any other material than first-class paving brick. In the application of the rule there is no distinction in principle between the facts in cases cited and the facts in this case. As King county could not be disturbed in its possession or restrained from building a

highway, it necessarily follows that the same result could not be reached by requiring it to install a certain type of highway, the higher cost of which might make its use prohibitive. It follows, therefore, that, the county having the right to retain possession of the property, such possession could not be held to be a ratification of any promises made by the county's agents under which it acquired possession. An act, in order to constitute a ratification, must either be accompanied by some manifestations of an intent to ratify, which are wholly lacking here, or else it must be of such a nature that it is utterly inconsistent with any other course of conduct. Here the county did only what it had a right to do, and its refusal to proceed with brick paving plainly showed that it had no intention of ratifying any agreement to install brick paving.

In oral argument, counsel contended that, if appellants were denied injunctive relief, they were at least entitled to damages for the substitution of concrete for brick paving. This proceeds upon the theory that there is a valid contract for brick paving. As there is no such contract, there can be no breach of a contractual duty on which either appellant can predicate a claim for damages.

Judgment affirmed.

ELLIS, C. J., MOUNT, MAIN, MORRIS, WEBSTER, PARKER, and CHADWICK, JJ., concur.