[No. 23796. Department One. July 14, 1932.]

CARRIE I. RICHARDSON *et al., Appellants,* v. CARL OSTLUND *et al., Respondents.*[1]

*Wm. H. Pratt* and *Teats & Teats,* for appellants.

*Bertil E. Johnson* and *D. D. Schneider,* for respondents.

[1]Reported in 13 P. (2d) 2.

PARKER, J.—This action was commenced in the superior court for Pierce county by Carrie I. Richardson and eight other plaintiffs against the defendants, Ostlund, Meath and Kelly, as county commissioners of that county, seeking an injunction restraining them from prosecuting eminent domain proceedings in that court looking to the acquiring of a right of way for public road purposes. The plaintiff Richardson sues as an owner of the land sought to be so acquired, and also as a general taxpayer of the county. The other plaintiffs sue as general taxpayers of the county. A trial upon the merits in the superior court resulted in a judgment denying to the plaintiffs relief as prayed for by them, from which they have appealed to this court.

It is first contended in behalf of the appellants that the proceedings to establish the road are fatally defective, in that the initial resolution of intention of the county commissioners to lay out and establish the road was not entered upon their minutes, and that therefore there is no authority for the prosecution of eminent domain proceedings looking to the acquiring of a right of way for the proposed road.

On October 5, 1931, the county commissioners, at their regular meeting held on that day, passed a resolution reading, so far as need be here noticed, as follows:

"BE IT RESOLVED by the board of county commissioners of Pierce county, Washington, as follows:

"That it is the intention of the board of county commissioners of Pierce county, Washington, by unanimous vote, that a road known as the Wollochet Bay Relocation Road be laid out and established not less than sixty (60) feet in width, the terminal points and general course of which are described as follows, to wit: [Here follows description of the right of way sought to be taken; it being approximately one mile in length.]

"Be it Further Resolved, That such proposed road is considered a public necessity, and the county engineer is directed to report upon such project as provided by law. (Chap. 173, Laws of 1925.)

"Passed this 5th day of October, 1931.

"Geo. M. Meath
"R. Lester Kelly
"C. Ostlund
"County Commissioners."

The passage of that resolution was then evidenced by a typewritten document and the signatures of the commissioners thereto, as above quoted. That document was then filed with the official records of the commissioners, but was not written into the book kept for the purpose of recording their proceedings therein until some eighteen days thereafter, and after the commencement of the giving of notice of its passage as required in such proceedings, when it was written therein. The proceedings were otherwise regularly carried to final determination, and the establishment of the relocation road was, on November 2, 1931, duly evidenced by a final resolution of the county commissioners; which resolution directed the prosecuting attorney of Pierce county to commence and prosecute to final determination eminent domain proceedings for the acquiring of the right of way for the relocation road.

No contention is made against the regularity of any of the proceedings other than as to the failure to timely record the above quoted resolution of intention in the book kept by the commissioners for the recording therein of their proceedings.

Section 4072, Rem. Comp. Stat., relating generally to proceedings of county commissioners and the recording thereof, reads in part as follows:

"The board of county commissioners shall cause to be recorded, in a book to be kept for that purpose, all

their proceedings and determinations touching all matters properly cognizable before them; . . ."

Section 1 of chapter 173, Laws of 1925, Ex. Ses., p. 479 (Rem. 1927 Sup., § 6447-1), in pursuance of which the county commissioners proceeded in establishing the relocation road, reads in part as follows:

"County roads shall be laid out and established as provided in this act. The board of county commissioners by unanimous vote of such board may by resolution entered upon their minutes declare their intention to lay out and establish or widen any county road and that the same is considered a public necessity . . ."

These are the statutory provisions particularly relied upon by counsel for the appellants. Published and posted notice of the resolution of intention and of the required public hearing on the question of establishing the relocation road was duly given as prescribed by statute. We are of the opinion that the evidencing of the passage of the above quoted resolution of intention was sufficiently, timely evidenced by the writing, signing and filing thereof, as above noticed; though it was not actually written into the bound record book until after the commencement of the publishing and posting of notice thereof. Our decisions in *Nickeus v. Lewis County,* 23 Wash. 125, 62 Pac. 763; *Burrows v. Kinsley,* 27 Wash. 694, 68 Pac. 332, and *Olympian-Tribune Pub. Co. v. Byrne,* 28 Wash. 79, 68 Pac. 335, relating to proof of official acts of county commissioners, support this conclusion. The same may be said as to our decisions in *Quareles v. Seattle,* 26 Wash. 226, 66 Pac. 389, and *Paich v. Northern Pac. R. Co.* 86 Wash. 379, 150 Pac. 814, relating to the recording of judgments of the superior courts in the journals of those courts.

It is further contended in behalf of the appellants that there are no funds available under the 1932

county budget to pay any award which may be made to the appellant Richardson for the taking of the right of way from her land; and that therefore the prosecution of the eminent domain proceedings is unauthorized.

The county budget for 1932 made up by the county commissioners, as originally adopted, contained a lump sum appropriation, reading in part as follows: "Maintenance of County Roads in Road District No. 3, including . . . right-of-way . . . $52,000," without any segregation as to any of the specified purposes of the appropriation. This was later duly amended by the county commissioners segregating and appropriating for "Right of Way" $1,500 of the total appropriation.

It is argued that the acquiring of right of way for this relocation road will not constitute a maintenance expense, but will constitute a capital outlay expense, and that therefore this $1,500 appropriation is not authorized as a capital outlay expense. There is no specified "capital outlay" appropriation to be found in the budget applicable to road construction in road district No. 3, in which district this relocation road is located. Counsel for the appellants invoke the provisions of the county budget act, being chapter 164, Laws of 1923, p. 523, as amended by chapter 301, Laws of 1927, p. 736 (Rem. 1927 Sup., § 3997-1 et seq.), which limits expenditures for the ensuing year as itemized in the budget therefor made by the county commissioners; which expenditures are required to be classified as for

". . . (1) salaries and wages, (2) maintenance and operation, (3) capital outlay, (4) interest and debt redemption, and (5) expenditures proposed to be made from bond or warrant issues not yet authorized." Rem. 1927 Sup., § 3997-2.

This record does furnish some room for arguing that the expenditure for the acquiring of right of way for

this relocation road would be "capital outlay;" but we think that this right of way appropriation may well be regarded as a maintenance expenditure under the circumstances here appearing.

The affidavit of one of the county commissioners, made part of this record, undisputed, describes this relocation road and its relation to the old road, which it roughly parallels, as follows:

"That said Wollochet Bay Relocation Road is part of the Wollochet East Shore Point Fosdick Road and is established for the reason that the present road-way as now laid out skirts along the edge of the water of Wollochet Bay and is very crooked with sharp curves and is narrow, uneven and an inadequate highway with the increasing travel along said Wollochet Bay East Shore Point Fosdick Road; that the present highway as laid out and known as Wollochet Relocation Road will eliminate bulkheads, heavy cuts and fills and will eliminate the present curves and is a public necessity to improve the public highways of Pierce county, Washington; that the maintenance of said Wollochet Bay Relocation Road will cost less to build and maintain than the present strip of road skirting along the water edge; . . ."

This is as far as we are advised as to the relation of the new location to the old location. It is not contended, indeed we see no room for seriously contending in the light of the record before us, that the commissioners have acted other than in good faith in exercising their discretion in regarding this as a road maintenance expenditure rather than as a road capital outlay expenditure. We are of the opinion that the decision of the county commissioners as to this item of expenditure is not so clearly wrong as to call for interference by the courts.

The judgment is affirmed.

MITCHELL, HOLCOMB, and HERMAN, JJ., concur.

644

TOLMAN, C. J. (dissenting)—I am of the opinion that the purchase price of this right of way would be capital outlay. I therefore dissent.